FILED

FEB 1 3 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
       DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

MARTIN DE LA ROSA,

        Plaintiff,

    v.

NORTHERN CALIFORNIA RETAIL
CLERKS UNION AND FOOD
EMPLOYERS TRUST FUND, et al.,

        Defendants.

NO. CIV. S-00-2759 WBS PAN

MEMORANDUM AND ORDER

----ooOoo----

        Plaintiff brought this action under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") alleging that he was wrongfully denied disability retirement benefits by his employee pension plan. Defendants, who manage the pension plan at issue, move for summary judgment.

I. Background

        The material facts of this case are not disputed. Plaintiff began working in the Northern California retail food industry for Lucky Stores, Inc. in July of 1985. (Evans Decl. Ex. C, D; Wolfe Decl. Ex. C-5.) In September of 1994, plaintiff suffered a gunshot wound which left him paraplegic and unable to

work.  (Id.)  In March of 1995, plaintiff retired from his job at Lucky Stores, and began receiving Social Security disability benefits.  (Evans Decl. Ex. A, B, C; Wolfe Decl. Ex. C-3, C-4, C-5.)

After he retired, plaintiff applied for disability retirement benefits under the Northern California Retail Clerks Union and Food Employers Joint Pension Plan (the "Plan"), which is managed by defendants.  The Plan, a product of collective bargaining between the United Food and Commercial Workers Union and various Northern California employers including Lucky Stores, Inc., provides retirement benefits to Plan participants working in the Northern California retail food industry. (Wolfe Decl. ¶ 5, Ex. A, D.)  Plaintiff is a participant in the Plan.

To be eligible for disability retirement benefits under the Plan, a participant must meet all of the following requirements: (1) the participant must be "disabled," which is defined as being entitled to receive Social Security disability benefits; (2) the disability must begin after the participant has met the vesting requirements of Section 4.02 of the Plan; (3) the participant must not have attained the age of 60; and (4) the participant does not have a separation in service which would render him ineligible under the Plan.  (Wolfe Decl. Ex. B, Plan Art. 6 § 6.04.)

Defendants denied plaintiff's application for disability retirement benefits on the ground that he failed to meet the vesting requirements of Section 4.02 before becoming

2

disabled.[1] (Evans Decl. Ex. A, B; Wolfe Decl. ¶ 14, Ex. C-2.) According to the vesting requirements of Section 4.02, a participant's benefits vest upon the earliest of either (1) the accumulation of 10 years of Vesting Credit; or (2) the accumulation of "at least 8000 Hours of Service (counting no more than 2000 Hours of Service in any Plan Year) during at least ten (10) years of elapsed time with at least 150 Hours of Service in each Plan Year." (Id. Art. 4 § 4.02.)

It is undisputed that plaintiff does not satisfy the first vesting method because plaintiff has accumulated only 9.3925 years of Vesting Credit. (Wolfe Decl. ¶ 14, Ex. C-2.) The crux of the dispute between the parties is whether plaintiff's benefits have vested under the second method provided by Section 4.02. Defendants contend that because plaintiff did not work for a ten year duration in the Northern California food retail industry, he does not meet the ten years of "elapsed time" requirement of the second vesting method. Plaintiff argues that the Plan language requires only that he have accumulated the requisite number of hours at some time during each year of a ten year period, not that he must have worked for a ten year duration before his benefits vest.

I. Discussion

   A. Standard of Review

A threshold question is what standard of review the court must apply. A denial of benefits under an ERISA plan "is to be reviewed under a de novo standard unless the benefit plan

---

[1] The parties do not dispute that plaintiff has met the other eligibility requirements under the Plan.

3

gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). When an ERISA plan vests the plan administrator with discretionary authority, "the district court ordinarily reviews the decision to grant or deny benefits for an abuse of discretion." Bendixen v. Standard Insurance Co., 185 F. 3d 939, 942 (9th Cir. 1999).[2]

Here, the Plan expressly confers discretion upon the Plan Trustees to interpret the Plan and make eligibility determinations.  Article 10, Section 10.01 of the Plan provides:

> Discretionary authority is vested with the Board of Trustees to determine eligibility for benefits under this Plan and to construe the terms of this Plan and any Rules, Regulations and/or Procedures adopted to administer the Plan.

(Wolfe Decl. Ex. B, Plan Art. 10 § 10.01.) Plaintiff argues that because the Plan "does not specifically state that [the Trustees] have the ability to construe uncertain terms," the Trustees have no discretion to interpret the purportedly ambiguous terms of Section 4.02. (Pl's Opp'n at 4.) However, the Plan language giving the Trustees discretion to construe the terms of the Plan would be meaningless if it does not include the power to interpret uncertain terms: unambiguous

---

[2] Courts apply a "less deference" standard where discretion is reserved to the plan administrators, but a conflict of interest exists. See McDaniel v. Chevron Corp., 203 F.3d 1109 (9th Cir. 2000). There is no claim that any conflict of interest exists in this case.

4

1  terms by definition do not require interpretation.  Because the
2  Trustees "unambiguously retain[]" discretion over Plan
3  interpretation and eligibility determinations, the court reviews
4  the denial of benefits for abuse of discretion.  <u>Bogue v. Ampex</u>
5  <u>Corp.</u>, 976 F.2d 1319, 1325 (9th Cir. 1999).
6          B.  <u>Abuse of Discretion</u>
7          "Where the decision to grant or deny benefits is
8  reviewed for abuse of discretion, a motion for summary judgment
9  is merely a conduit to bring the legal question before the
10 district court and the usual tests of summary judgment, such as
11 whether a genuine dispute of material facts exists, do not
12 apply."  <u>Bendixen</u>, 185 F. 3d at 942.  When reviewing a benefits
13 denial for abuse of discretion, the court must defer to the
14 judgment of the plan administrators unless the administrators (1)
15 render decisions without any explanation; (2) construe the
16 provisions of the plan in a way that conflicts with the plain
17 language of the plan; or (3) rely on clearly erroneous findings
18 of fact in making benefit determinations.  See <u>Taft v. Equitable</u>
19 <u>Life Assurance Society</u>, 9 F.3d 1469, 1472-73 (9th Cir. 1994);
20 <u>Eley v. Boeing Co.</u>, 945 F.2d 276, 279 (9th Cir. 1991).  So long
21 as a denial of benefits is "based on a reasonable interpretation
22 of the plan's terms and made in good faith," it must be upheld by
23 the court.  <u>Estate of Shockley v. Alyeska Pipeline Serv. Co.</u>, 130
24 F.3d 403, 305 (9th Cir. 1997)(quoting <u>MacDonald v. Pan American</u>
25 <u>World Airways, Inc.</u>, 859 F.2d 742, 744 (9th Cir. 1988)).
26         Plaintiff disputes the reasonableness of defendants'
27 interpretation of the second vesting method under Section 4.02 of
28 the plan.  Section 4.02(b) provides that a participant becomes

5

vested upon the "[a]ccumulation of at least 8000 Hours of Service (counting no more than 2000 Hours of Service in any Plan Year) during at least ten (10) years of elapsed time with at least 150 Hours of Service in each Plan Year." Defendants interpret this provision to mean that a participant must work for at least ten years in duration before he is eligible for disability benefits. Under this interpretation, where a participant such as plaintiff retires prior to the tenth anniversary of his employment in the retail food industry, his disability retirement benefits fail to vest under Section 4.02(b), even if he has accumulated more than 8000 Hours of Service.[3] The court finds that this interpretation is not unreasonable because (1) it accords with the natural meaning of the words "elapsed time;" (2) it is consistent with the Department of Treasury regulations for ERISA; (3) it makes sense when read with the other requirements of Section 4.02(b); and (4) it is not inconsistent with other Plan provisions.

    1. Plain Meaning

Defendants' interpretation of Section 4.02(b) is consistent with the ordinary meaning of the words "elapsed time." Webster's Dictionary defines "elapsed time" as "[t]he measured duration of an event." Webster's II, New College Dictionary, Houghton Mifflin Co., 1995. The word "elapse" is defined as

---

[3] The Plan defines "Hours of Service" as employment in the Northern California retail food and liquor industry, as well as employment for a contributing employer which immediately follows or precedes a period of covered service with the same employer. (See Plan, Art. 1 § 1.06.) It is undisputed that plaintiff accumulated well over 8000 Hours of Service over the course of his employment in the retail food industry. It is also undisputed that plaintiff worked for a duration of nine years and eight months for Lucky Stores.

6

"[t]o pass or slip by." Id. Given these lay definitions, it is reasonable to interpret Section 4.02 to require ten years to pass by before benefits can vest under the Plan.

### 2. Department of Treasury Regulations

Defendants' interpretation of the Plan finds further support in the Department of Treasury regulations to ERISA. The Department of Treasury regulations set forth permissible methods for crediting service toward the vesting requirements of an ERISA plan. See 26 C.F.R. § 1.410(a)-7; Swaida v. IBM Retirment Plan, 570 F. Supp. 482 (S.D.N.Y. 1983)(holding that the Department of Treasury Regulations provide relevant methods for crediting service toward ERISA vesting requirements). Under the "elapsed time method," the vesting of benefits is calculated "with reference to the total period of time which elapses while the employee is employed (i.e. while the employment relationship exists)." 26 C.F.R. 1.410(a)-7(a)(ii); see Coleman v. Interco Inc., 933 F.2d 550 (7th Cir. 1991); Swaida, 570 F. Supp. 482 (same). Defendants' determination that plaintiff was required to work until his tenth anniversary before his benefits vested is consistent with the elapsed time method described in the regulation.

Plaintiff argues that defendants' reliance on the regulation is misplaced because the regulation contemplates that elapsed time is calculated without reference to the number of hours of service worked. See 26 C.F.R. § 1410(a)-7(a)(ii)("Under the alternative method set forth in this section . . . an employee's statutory entitlement with respect to eligibility to participate, vesting and benefit accrual is not based upon the

7

actual completion of a specified number of hours of service during a 12-consecutive-month period.")  Plaintiff contends that because Section 4.02(b) of the Plan requires a participant to accumulate at least 8000 Hours of Service, defendants' interpretation is inconsistent with the "elapsed time method" prescribed by the regulation.  However, nothing in the regulation prohibits an ERISA plan from combining an elapsed time element with an hourly requirement.  Just because the Plan fails to apply a pure elapsed time method does not make defendants' interpretation nonsensical or invalid.[4]

        3.  <u>Consistency With Other Language in Section 4.02(b)</u>

Plaintiff also argues that defendants' interpretation is unreasonable because it reads the word "during" out of Section 4.02(b).  Plaintiff interprets the phrase "during at least ten (10) years of elapsed time" to mean that a participant must accumulate the requisite number of hours at some point "during" or within each year of a ten year period.  Thus, under plaintiff's reading, a Plan participant could work nine years and one month, so long as a participant accumulated a total of 8000 Hours of Service over that time, and worked at least 150 Hours of Service during the last month worked in the tenth year.  Similarly, plaintiff's claim for disability benefits is premised on the fact that he worked 431 Hours of Service in 1985, worked more than 1400 Hours of Service in each of the next nine years from 1986 through 1994, and worked 489 Hours of Service in 1995.

---

[4] Plaintiff does not argue that the Plan fails to meet the minimum requirements of ERISA. Courts have held that the use of a pure elapsed time method meets the minimum requirements of ERISA.  <u>Coleman</u>, 933 F.2d 550; <u>Swaida</u>, 570 F. Supp. 482.

8

1       Although plaintiff offers a plausible reading of
2 Section 4.02(b), plaintiff fails to show that defendants'
3 interpretation is unreasonable.  Defendants' interpretation of
4 Section 4.02(b) does not, as plaintiff contends, ignore the word
5 "during."  Under defendants' reading, Section 4.02 has four
6 separate elements: (1) the participant must work at least ten
7 years in the food industry; (2) <u>during</u> that ten year period, the
8 participant must work at least 8,000 Hours of Service; (3) no
9 more than 2,000 Hours of Service will be counted in any plan year
10 that falls within the ten-year period; and (4) no Hour of Service
11 will be counted in any given year within the ten year period
12 unless the participant works at least 150 hours.

13       4.  <u>Consistency with Other Plan Terms</u>

14       Plaintiff next argues that defendants' interpretation
15 does not comport with other Plan provisions, such as Sections
16 1.08 and 6.01 of the Plan.  Section 1.08 provides:

17         "Plan year" means the fiscal year of the plan, which is
18         the 12 month period beginning each January 1st.  The
19         plan year is the basic computation period for all
20         purposes hereunder.
21 Plaintiff contends that because a "plan year" is the "basic
22 computation period for all purposes" under the plan, the Trustees
23 should have read the words "plan year" into Section 4.02(b) to
24 modify the words "elapsed time."  According to plaintiff, the
25 only correct reading of Section 4.02(b) is that the participant
26 must accumulate the requisite number of hours "during at least
27 ten (10) <u>plan years</u> of elapsed time."  Plaintiff argues that
28 under this reading, a participant needs to work a certain amount

9

of hours in ten separate plan years, but not for a ten year duration.

      Plaintiff's construction would render the words "elapsed time" superfluous. If, as plaintiff argues, no set period of time needs to elapse, then there is no reason for the Plan to include that language. While Section 1.08 makes the plan year the basic computation period for the Plan, it does not say that the Plan never deviates from that method of computation. If using the plan year as the computation period would mean ignoring other language in Section 4.02(b), it is not unreasonable for defendants to read Section 4.02(b) as calling for a different method of computation.

      Plaintiff contends that if the drafters of the Plan intended to use a participant's ten year anniversary as the basis for crediting hours toward Section 4.02(b)'s vesting requirements, they would have said so as explicitly as they did elsewhere in the plan. For example, Section 6.01 provides that normal retirement occurs when the "tenth anniversary" is reached. However, the same argument can be made with equal force in support of <u>defendants'</u> interpretation of Section 4.02: Had the drafters intended the minimum time requirement of Section 4.02 to refer to plan years, they would have made that clear, because other sections of the Plan calculate eligibility, vesting, and accrual of benefits with express reference to "plan years". <u>See</u> Section 5.04 (using plan years to measure Vesting Credits, which are used to determine whether the first vesting method of Section 4.02 is met.) Because Section 4.02(b) could have, but did not, define the minimum time requirement in terms of either "Plan

Years" or a "tenth anniversary," the intention of the drafters is not absolutely clear.

Section 4.02(b) is not exactly a model of clarity, and is open to interpretation. While other interpretations may be reasonable, the court cannot say that defendants' construction of Section 4.02(b) is unreasonable. See Shockley, 130 F.3d at 305. The "inquiry is not into whose interpretation of the plan documents is most persuasive, but whether the plan administrator's interpretation is unreasonable." Winters v. Costco Wholesale Corp, 49 F.3d 550, 553 (9th Cir. 1995)(quoting Barnett v. Kaiser Found. Health Plan, 32 F.3d 413, 416 (9th Cir. 1994)). Given the plain meaning of "elapsed time," the Department of Treasury regulations, and the other terms of Section 4.02(b) and the Plan, defendants' construction is not unreasonable.[5]

Holding plaintiff to a strict, but not unreasonable interpretation of the Plan's eligibility requirements is a harsh but necessary consequence of the line-drawing and "arbitrariness [that] is inherent in any eligibility scheme that creates categories of time . . . ." Johnson v. Botica, 537 F.2d 930, 937 (7th Cir. 1976). The consistent application of eligibility criteria promotes certainty and ensures the benefit plan will remain financially solvent and capable of providing continued

---

[5] Plaintiff argues that the terms of Section 4.02(b) are ambiguous, and therefore should be construed against the drafter under the doctrine of contra proferentum. However, this doctrine does not apply where an ERISA plan administrator has discretion to interpret the plan, or where the dispute involves a self-insured plan that has been drafted through collective bargaining. See Winters, 49 F.3d at 554; Atwood, 45 F. 3d at 1324; Eley, 945 F.2d at 279-80. Both of these circumstances are present here.

1 | benefits to participants.  It is undisputed that defendants have
2 | regularly construed Section 4.02(b) to require a ten year minimum
3 | duration of time to elapse before benefits vest under the plan.
4 | (Wolfe Decl. ¶ 11.)  The court finds that defendants did not
5 | abuse their discretion in holding plaintiff to that
6 | interpretation in this case.
7 |     IT IS THEREFORE ORDERED that defendants' motion for
8 | summary judgment be, and the same hereby is, GRANTED.
9 | DATED: February 12, 2002

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

```
                United States District Court
                          for the
                 Eastern District of California
                      February 13, 2002


              * * CERTIFICATE OF SERVICE * *


                                      2:00-cv-02759


   De La Rosa

       v.

   Northern California
   _____
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on February 13, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
       Mark Stephen Adams                          SH/WBS
       Mayall Hurley Knutsen Smith and Green
       2453 Grand Canal Boulevard                  TM/PAN
       Second Floor
       Stockton, CA  95207-8253

       Steven R Feldstein
       Heller Ehrman White and McAuliffe
       275 Middlefield Road
       Menlo Park, CA  94025-1900
```

Jack L. Wagner, Clerk

BY: *[signature]* L. Mena-Sanchez
    Deputy Clerk